IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )   NO. 3:20-CR-523-S |
| | ) |
| GABRIELA RODRIGUEZ | ) |

**MEMORANDUM OPINION AND ORDER**

By electronic order of reference dated January 12, 2022 (doc. 255), before the Court is the defendant's *Expedited Motion for Release and Permission to Attend Funeral Services,* filed January 12, 2022 (doc. 254). Based on the evidence and applicable law, the motion for expedited consideration is **GRANTED**, and the motion for release is **DENIED**.

**I.**

Gabriela Rodriguez (Defendant) was charged by indictment with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. (*See* doc. 1.) She was arrested in this district and made her initial appearance on November 25, 2020. (*See* doc. 48.) After the government moved to detain her pending trial, she waived her right to a detention hearing and was ordered detained. (*See* docs. 34, 339, 49.)

On November 9, 2021, Defendant entered a plea of guilty to a superseding felony information charging her with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. (*See* docs. 139-141, 213.) It was recommended that the plea be accepted, the recommendation was accepted, and she was adjudged guilty of that offense on October 29, 2021. (*See* docs. 214, 231.) The statutory maximum for the offense of which she has been convicted is twenty years. (*See* doc. 141.)

Defendant now seeks temporary release for three days so that she may attend her father's

funeral on January 15, 2022. (*See* doc. 254.) Her motion states that she was very close to her father, and that because of her incarceration, she was not able to be with him while he was hospitalized prior to his death on January 8, 2022. (*Id.* at 1.) It also states that she is not a flight risk or danger to the community and will abide by any conditions imposed for her release. (*Id.* at 2.)

## II.

Defendant's motion does not cite a basis for her temporary release.

Section 3143(a) of Title 18 reflects a presumption in favor of detention that attaches to a convicted person such as Defendant. *See United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016). Section 3143(a)(2) mandates the detention of persons who have been found guilty of certain offenses and who are awaiting imposition or execution of sentence, except in certain limited circumstances. It provides:

> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
> > **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> >
> > **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). The offenses listed in § 3143(a)(2) for which detention is mandatory at this stage of the proceedings described in § 3142(f)(1)(A)-(C) include crimes of violence, crimes with a life sentence, and drug offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. 801 *et seq*. Because Defendant has now been found guilty of a drug offense subject to a maximum term of imprisonment of ten years or more

that falls within the ambit of § 3142(f)(1)(C), she is subject to mandatory detention pending sentencing.

In addition to the exceptions set out in § 3143(a)(2), under § 3145(c), a person subject to mandatory detention under this section may also be ordered released if the person meets the conditions of release in § 3143(a)(1)[1] and it is clearly shown that there are exceptional reasons why the person's detention would not be appropriate. *See* 18 U.S.C. § 3145(c); *see also U.S. v. Rothenbach*, 170 F.3d 183 (5th Cir. 1999) (*per curiam*).[2] Although the Fifth Circuit Court of Appeals has not defined "exceptional circumstances" for purposes of this statute, the Second Circuit has described it as "a unique combination of circumstances giving rise to situations that are out of the ordinary", *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). The Eighth Circuit has explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little,* 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted).

Some courts outside this circuit have found that § 3145(c) permits temporary release of convicted persons subject to mandatory detention under § 3143(a)(2) while awaiting sentencing. *See United States v. Delacruz*, No. 3:17-CR-201, 2020 WL 3475218, at *3 (M.D. Pa. June 25, 2020)

---

[1]Section 3143 (a)(1) states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

[2]In *U.S. v. Carr*, 947 F.2d 1239, 1240-41 (5th Cir. 1991), the Fifth Circuit explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions". This provision therefore also applies to the initial determination of whether detention is mandatory under § 3143(a)(2) despite its inclusion in a section generally covering appeals.

(citing *United States v. Williams*, 903 F. Supp. 2d 292, 298–302 (M.D. Pa. 2012), for the proposition that a district court possesses discretion to consider temporary release pending sentencing under § 3145(c)); *United States v. Morris*, No. 3:18-CR-6-TWP-DCP, 2018 WL 6493640, at *2 (E.D. Tenn. Dec. 10, 2018) (finding exceptional reasons under § 3145(c) for a three-day temporary release of defendant detained pending sentencing under §3143(a)(2), who also met requirements under 3143(a)(1), to attend the funeral of his six-year-old son, also considering his minimal criminal history and the availability of a third party custodian and GPS monitoring during release); *United States v. Goss*, No. 1:14-cr-00141-JAW, 2015 WL 5920267, at *2 (D. Me. Oct. 9, 2015) (assuming based on an unpublished First Circuit case that it had the authority under § 3145(c) to order the defendant's temporary release).[3]

Even if her temporary release is permitted under § 3145(c), Defendant has not made the preliminary required showing under § 3143(a)(1) that she would not pose a flight risk or a danger to any person or the community if released to attend her father's funeral. Her mere allegation that she would not pose a flight risk or a danger to any person or the community is not clear and convincing evidence. She has not has not proffered a third party custodian who would supervise her, or provided any detail regarding who would pick her up from the prison facility, take her to the wake and funeral, and return her to the prison facility. She has not indicated where she would stay while

---

[3] While 18 U.S.C. § 3142(i) expressly provides for temporary release of detained defendants awaiting trial, it does not apply to detained defendants who have already been convicted and are awaiting sentencing. *See United States v. Morris*, 452 F. Supp.3d 484, 487 (N.D. Tex. 2020). Nevertheless, some courts have permitted temporary release of convicted persons awaiting sentencing under this section. *See United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *3 (E.D. Mich. Mar. 27, 2020) (stating that § 3142(i) despite the fact that the defendant had pled guilty and was awaiting sentencing instead of trial because the provision specifically permitted temporary release by subsequent order). Although it also does not apply here, 18 U.S.C. § 3622 provides for temporary release of persons who are serving sentences of imprisonment in the Bureau of Prisons, "if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him." One of the enumerated permissible reasons includes attending the funeral of a relative. 18 U.S.C. § 3622(a)(2).

on release. There is no evidence in the record of her ties to the community. While she has identified the address of funeral home handling the arrangements, she has not specified whether the wake and funeral will be held at that address. The pretrial services report reflects several prior state drug convictions for which she was on parole at the time of the federal offense of conviction. Based on the offense of conviction and her criminal history, she is facing a significant sentence. Although the Court is sympathetic to her desire to attend her father's funeral, it cannot find that Defendant has made the required legal showing for temporary release under these circumstances.

### III.

Defendant's motion for temporary release is **DENIED**.

Signed this 12th day of January, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE